## Dunn v. The State.

CRIMINAL LAW,—*Former Acquittal.—Rape.—Assault and Battery with Intent.—Evidence.—Indictment.*—On the trial of a defendant indicted, in respective counts, for rape, assault with intent to commit rape, and assault and battery, upon one alleged to be "a woman child under the age of twelve years," he may give both record and parol evidence that he was formerly tried and acquitted on a charge of rape upon such person, alleged to have been "a woman child," and that the offences charged are identical.

From the Floyd Circuit Court.

*J. V. Kelso* and *E. G. Henry*, for appellant.

*T. W. Woollen*, Attorney General, and *T. L. Smith*, Prosecuting Attorney, for the State.

SCOTT, J.—The appellant was indicted for rape alleged to have been committed in Floyd county, on the 1st day of August, 1878, upon the person of one Adaline Wolfe, who was described in the indictment as "a woman child."

A motion to quash the indictment was overruled. He entered a plea of not guilty, and was tried by a jury. The jury returned a verdict of not guilty, and upon this verdict a judgment of acquittal was rendered by the court.

Afterward; on the 3d day of December, 1878, the ap-

pellant was again indicted for rape, alleged to have been committed on the 1st day of August, 1878, in Floyd county, upon the same person. In this latter indictment, Adaline Wolfe was described as "a woman child under the age of twelve years." The latter indictment was in three counts. In the first the rape was charged; in the second the charge was an assault with intent to commit rape; in the third was a charge of assault and battery. On this indictment, the appellant was tried by a jury; verdict of guilty as charged in the first count of the indictment, and punishment of appellant fixed at confinement in the state-prison for the term of fifteen years. The appellant moved for a new trial, and assigned as causes therefor :

1.  That the verdict was contrary to law ;

2.  That the court erred in refusing to admit competent and material testimony to show on behalf of defendant his former acquittal of the identically same offence herein charged ;

3.  That the verdict is contrary to the evidence; and,

4.  That the punishment is excessive.

The motion was overruled, and the appellant excepted. Judgment on the verdict, and an appeal properly taken, and error assigned, which calls in question the ruling of the circuit court in overruling the motion for a new trial.

On the trial of the cause, the appellant offered in evidence the record of the former indictment and the record of acquittal thereon. It appears from the bill of exceptions, that, before offering these records, the appellant proved that the original indictment was lost, that he was the same person, and that both indictments charged the same offence. To the introduction of these records in evidence the State objected, for the reason that the evidence was immaterial; and the court sustained the objection and excluded the evidence, to which ruling the appellant excepted.

Dunn *v.* The State.

On the trial, the appellant offered to prove by Vachel Newman, who was a juror on the trial of the former indictment, that the facts established on the former trial were identically the same facts as proven in this cause, and that the appellant was the same person charged in each indictment; that the offences charged in the latter indictment were against the same person, Adaline Wolfe, named in the former indictment; and that all the facts proven in this cause were identically 'the same as those proven on the former trial; that, before offering this evidence, the appellant proved by the Hon. John S. Davis, who presided as judge at the former trial, that he kept no notes of the testimony given on the former trial. The court refused this testimony, and to this ruling the appellant excepted.

In view of the constitutional provision, " That no person shall be put in jeopardy twice for the same offence," we are of opinion that the court erred in refusing to allow this evidence to go to the jury.

The question of whether a person has been tried for an offence is a question of fact, to be determined by the jury, and is proven partly by the record, and partly by evidence outside the record. The court should have allowed all this evidence to have gone to the jury, and left the question of former acquittal for the jury to determine.

The rule is, that where a person is put upon trial for an offence, upon a good indictment, and there is a verdict of acquittal, he can not be tried again for the same offence. In this case, the indictment on which the appellant was tried and acquitted was a good indictment, and, if the offence charged in this case was the same offence as that charged in the former indictment, the appellant was wrongfully convicted. A new trial should have been granted.

The judgment is reversed; cause remanded. The clerk will issue the proper order.

NOTE.—HOWK, J., was absent when this cause was considered.