Minshall, C. J.
The plaintiff in error, Marshall S. Burdge, was, on the charge of forgery, indicted by the grand jury of Marion county, and tried, convicted and sentenced to imprisonment in the penitentiary. He claims that various errors to his prejudice were committed in the trial of the case by the court below, and asks that the convic *513 tion and sentence be reversed, and a new trial awarded him. The principal assignment of error relied on is, that there is a variance between the indictment and the evidence offered in support of it. The indictment charged that he did falsely make, alter and forge a certain promissory note for the payment of money ‘ ‘ of the purport and value” as follows:
' “$3,100.00. La Rue, O., August 21, 1886.
“Eleven months after date, for value received, we jointly and severally promise to pay M. S. Burdge, on order, thirty-one hundred dollars, with interest payable annually at th® rate of eight per cent per annum from date until paid.
“E. Gillespie.”
The instrument offered in evidence was a promissory note for the payment of money, not only of the purport and value of that set forth in the indictment, but identical with it in all respects, except that it had thereto attached a power of attorney, in the usual form, to confess judgment upon it; and there were also indorsed, on the back of it, certain payments of interest amounting to about $500. The note and power of attorney were over the same signature. The rules as to a variance between an indictment and the proof offered to support it, have been much relaxed by statute, not only in this state, but-, elsewhere. In the first place, it is no longer necessary to set forth the instrument alleged to have been forged with literal accuracy; it is sufficient if it be set forth according to its “purport and value.” Section 7218, Revised Statutes. The word ‘ ‘value, ” as here used, does not mean its value in money as between the parties, but its value or effect in law, as a legal instr u - *514 ment. Chidester v. State, 25 Ohio St., 433. The rules of the common law as to.the effect of a variance seemed rather to facilitate the escape of the guilty than to protect the innocent as they were designed to do. Hence, it is now provided by statute, among* other things, that, when, on the trial of an indictment, there appears a variance between the indictment and the evidence “in the name or description of any matter or thing therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial is had, find that such variance is material to the merits of the case, or may bevprejudicial to the defendant.” This preserves to the defendant all that he is entitled to on the ground of a variance, without in any way imperiling the rights of the innocent. The court must determine in the first instance, whether the variance, if there is one, is material to the merits of the case, or may be prejudicial, to the defendant. We must presume that the court did so, and held the variance, if one, to be neither material to the merits nor prejudicial to the defendant, in admitting the instrument in evidence. It is true that its action in this regard may be reviewed on error. Lytle v. State, 31 Ohio St., 196. But, as to a variance, it may be well questioned, whether by the rules of the common law, there was any shown between the indictment and the proof. The instrument averred to have been forged was a promissory note for the payment of money. The instrument offered and received in evidence was such an instrument, and, as to it, there was no variance. The fact that it had a power of attorney attached, did not affect its value as a promissory note; nor did the fact that there *515 were payments indorsed on it, affect its legal value or effect in this regard. Osborn v. Hawley, 19 Ohio St., 130; Wilson v. People, 5 Park, Cr. Cases, 178. All that can be claimed is, that on the same paper and under the same signature, there were two instruments, one a promissory note and the other a power of attorney — both distinct in character and, as much so, as if they had been on separate pieces of paper. The forgery was of the promissory note and not of the power of attorney; and as, in this ease, the forgery consisted in the alteration of a valid note without any alteration by the forger in the power of attorney, it would seem, that the indictment conformed to the facts as developed by the proof, and is open to no objection on the ground of a variance, if we were to apply the stricter rules that formerly prevailed. East’s Pleas of the Crown, 925.
But if it were otherwise, still was there any abuse of its discretion by the court, in admitting the instrument in evidence? This must depend on whether it was material to the merits of the ease, or prejudicial to the rights of the defendant. A variance could only be material to the merits, where the instrument offered in evidence tended to prove a different subject of forgery. So that the only question that remains on this point is, whether it would in any way prejudice the defendant. And we do not see how this could be the case, unless, as claimed, it would impair the rights of the defendant to plead a former conviction, if he should be indicted again for the same offense. This claim, we think, cannot be maintained. If, as shown, the instrument offered in evidence was not a variance from the indictment, and, therefore, sufficient to support it, the record of the eonvic *516 tion on that indictment would certainly be sufficient to support a plea of former conviction in a prosecution on a second indictment, setting forth the instrument forged to be of the same purport and value as that contained in the record of the conviction bn the first indictment. And if, in the second indictment, the instrument should be set forth with the power of attorney attached, and the payments indorsed on the back, and a question were made as to the identity of the former conviction with the latter prosecution, the doubt could be removed by parol evidence, that the instrument offered on the former trial is identical with that offered in support of the plea; it being well settled that parol evidence is competent for such purpose. Regina v. Bird, 2 Eng. Law & Equity, 439; Bishop Crim. Prac., section 816; State v. Maxwell, 51 Iowa, 314; Dunn v. State, 70 Ind., 47; Walter v. State, 105 Ind., 589, 593; 3 Rice, on Evidence, 615..
It is also claimed that the court erred in the admission of certain testimony. The defendant below took judgment on the note for the amount due, under the power of attorney in the court of common pleas of Lawrence county. After the .commencement of the prosecution he executed a release and satisfaction of the judgment. The state offered evidence of these facts, and that the satisfaction was entered without any consideration. Objection was made which was overruled and exception taken: The defendant then offered evidence to show that the release was not a voluntary act on his part; that it was obtained from him during the pendency of the criminal prosecution, by representations and statements as to what the consequences would be if he did not execute it, and that the prosecution would be dropped if he did. He *517 was not in custody at the time, and the person obtaining the release had no control over his person or the prosecution. The court left the matter to the jury, with the instruction that: “If it appear by the evidence that the defendant released and declared satisfied said judgment, and was induced to do so, by threats of criminal prosecution, or by promises to withhold criminal prosecution against him, such act, if thus done under the influence of hope or fear, cannot be considered by the jury for any purpose whatever. ” If the release was á voluntary act, the fact that it was without consideration, was competent evidence in the case. Judgments for such amounts are not ordinarily released without consideration. The release, in connection with the facts in the case, tended to show a consciousnesss that the judgment was wrong, and that the danger of a conviction of forgery might be avoided by its release. The claim of the plaintiff in error, however, is, that the.circumstances under which the .release was obtained was a matter of preliminary proof to be determined by the court, and should not have been admitted in evidence ' until it had determined whether the release was the voluntary act of the defendant. The general rule is that matters preliminary to the admission of evidence should be determined by the court; but when the court is in doubt about the matter, it may submit the questions arising upon the proof to the jury, under instruction to make no use of the evidence, unless satisfied by the preliminary proof that it is competent, as done in this case. Thus in Turpin v. State, 19 Ohio St., 540, which arose on an indictment for forgery, the court, being uncertain, left to the jury the question whether there was a variance between the name to the instrument as *518 laid in the indictment and that to the instrument offered in evidence, and this court sustained the ruling. The ruling made in the case just cited is quite general in practice; and has frequently been applied where confessions of a defendant are offered in evidence against him on a criminal charge, and there is a conflict in the evidence as to whether they were voluntary.or not. See-opinion by Morton, J., in Commonwealth v. Piper, 120 Mass., 185, 188; and, also, Underhill on Evidence,' section 89, and authorities cited.
We have examined all the assignments and find no error in the record for which the judgment should be reversed.

Judgment affirmed.