## STOCK *v.* STATE OF INDIANA.

[No. 30,887. Filed September 22, 1966.]

*William S. Mercuri,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

RAKESTRAW, C. J.—The appellant was charged with theft of a 1964 Chevrolet sedan belonging to one Paul Renfro. After waiving trial by jury, the case was tried by the court, and

the appellant was found guilty as charged. He was fined $1.00 and given a sentence of 360 days at the Indiana State Farm.

On appeal, his only specification of error is the overruling of his motion for new trial, and his motion for new trial alleges only that the finding of the court is not sustained by sufficient evidence and that it is contrary to law. It is therefore necessary to review briefly the evidence which tends to support the finding of the trial court.

Paul Renfro, the owner of the automobile allegedly stolen, was the only witness for the state. He testified that he left his automobile at 6:00 o'clock on the morning of February 5, 1965, at the Chevrolet plant on White River Parkway in Indianapolis. He next saw his automobile that evening in a garage in the 800 block of North Jefferson Street. He saw the appellant outside of the garage in which he found his car. When he found his car the hood was removed, the engine was pulled and was lying on the floor of the garage, and the appellant was attempting to remove the transmission. The appellant, Harry Stock, told him at that time that if he had known the car was his, he would not have taken it. The apellant also offered to return the car to the witness with the engine and transmission out. The appellant also told the witness that he had a wife and two kids and he wanted to get a friend out of jail, and that he was going to get the money by selling parts from the car.

The witness later called the police, and when they went back to the garage, the car was removed. The witness later saw his car on a lot on Delaware Street. The witness testified that he had not given the appellant any authority to exercise control over his car. He testified that he identified the car from the license plate and from the trunk of the car which had certain dents in it as well as from the color and the interior of the car.

The appellant testified in his own defense. In his testimony, he denied taking the automobile, stated that the car on which he and his companion were working was not the automobile

alleged to have been stolen, and denied the conversations testified to by Mr. Renfro. His companion or accomplice also testified to essentially the same things as the appellant.

The appellant argues that it is the duty of this court to review the evidence and pass on the credibility of the testimony. He argues that the evidence for conviction is weak, and that the evidence given by him and his corroborating witness "deserves the same weight as the testimony of the state's one uncorroborated witness."

It is of course true that before there can be a conviction, there must be some substantial evidence of probative value to induce a belief of defendant's guilt beyond a reasonable doubt in the minds of the court or jury trying the case. *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641. We are of the opinion, however, that the testimony of the witness Renfro, if believed by the trial court, would constitute substantial evidence of probative value.

With reference to the sufficiency of the evidence to sustain a finding of guilt, this court has stated:

" ' . . . It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury [trier of fact] reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law.' " *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254, 257.

It is well settled that on an appeal from a conviction, we consider only the evidence most favorable to the state together with reasonable and logical inferences to be drawn therefrom. *Hutton* v. *State* (1965), 246 Ind. 589, 207 N. E. 2d 816.

The appellant's main argument seems to be that the testimony of the state's witness was somehow unreliable, or that the testimony of the appellant himself and his corroborating witness should have carried such weight as to nullify the state's evidence. However, it has long

been settled that this court will not weigh conflicting evidence on appeal. *Barnes* v. *State* (1965), 246 Ind. 485, 205 N. E. 2d 539; *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459; *Laymon* v. *State* (1961), 242 Ind. 62, 176 N. E. 2d 120; *Mattingly* v. *State* (1957), 236 Ind. 632, 142 N. E. 2d 607. The trial judge was a man of long trial experience. He heard the witnesses as they testified and had an opportunity to see them and to evaluate their testimony as it was being given. It is properly his duty to determine the credibility of the witnesses, and we cannot interfere in his determination on the basis of our examination of a typewritten transcript.

The judgment of the trial court is affirmed.

Arterburn & Myers, JJ., concur. Jackson, J., concurs in result. Achor, J., not participating.

NOTE.—Reported in 219 N. E. 2d 804.