WALKER *v.* STATE.

[No. 30,715. Filed March 15, 1967. Rehearing denied July 6, 1967.]

*Lewis Davis* and *Marvin T. Bornstein,* both of Indianapolis, for appellant.

*John J. Dillon,* Attorney General and *James Manahan* and *Donald R. Ewers,* Deputy Attorney Generals, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of Grand Larceny. On January 25, 1963, appellant

waived arraignment on such charge and entered a plea of not guilty thereto.

Trial was had by jury on February 24, 1964, resulting in a verdict of guilty. Pre-sentence investigation was made and on March 20, 1964, appellant was sentenced to a term of one to ten years in the Indiana State Prison. On such date and after imposition of sentence appellant "requests Court appoint Pauper counsel for purpose of taking Appeal."

Afterwards, on April 8, 1964, the court entered its order herein, by which Lewis Davis was appointed pauper counsel to take this appeal.

On April 16, 1964, appellant by pauper counsel filed his petition to file a Belated Motion for New Trial. On August 25, 1964, the court below granted appellant's petition to file the Belated Motion for New Trial. On September 18, 1964, appellant, by his counsel, filed such belated motion. The grounds for such motion being:

"1. That the verdict of the jury is contrary to law.
"2. That the verdict of the jury is not sustained by sufficient evidence."

Thereafter, on November 12, 1964, the court overruled appellant's motion for a new trial. From such ruling stems this appeal.

On March 5, 1965, appellee filed its Motion to Dismiss Appeal or Affirm Judgment.

Thereafter, on January 30, 1967, appellees Motion to Dismiss Appeal or Affirm Judgment was dismissed.

The issue to be determined in this appeal is the assigned error that the court erred in overruling appellant's Motion for a New Trial. Appellant's Motion for New Trial contained the two specifications, as shown.

The thrust of appellant's argument is that there was insufficient evidence to legally authorize the jury to reach a verdict of guilty.

This court has repeatedly held that it will not weigh the evidence, but will consider that evidence most favorable to the State when reviewing the issue of the sufficiency of the evidence. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254.

A brief resume of the evidence adduced at the trial .discloses the following: State's witness Evelyn Henry testified that her place of business located at 1271 South East Street, Indianapolis, Indiana, was broken into on the 16th day of December, 1962, between the hour of 4:00 a.m. and 8:30 a.m. She further testified that whiskey was taken from her place of business without her permission. Evelyn Henry further identified marks on the bottles of whiskey that were displayed to her in open court.

State's witness, Jack Peters, police officer for the City of Indianapolis, testified that he arrested the appellant on December 20, 1962. He also identified appellant. Peters testified he made a search incidental to the arrest and found beer cases containing bottles of whiskey. Officer Peters identified the bottles of whiskey in open court as the identical bottles of whiskey which he took from the possession of the appellant.

State's witness, Riley G. Stewart, police officer for the City of Indianapolis, also testified that he was present at the time of the appellant's arrest and assisted in taking the whiskey from the possession of the appellant, and placed his initials and badge number upon the whiskey displayed to him in open court, and identified the whiskey exhibited to him in open court as the same whiskey taken from the appellant. The whiskey was then introduced into evidence as Exhibits 1, 1A and 1B.

State's witness, Lewis E. Eckhart, who was the bartender at the tavern which was broken into, identified State's Exhibit No. 1, to-wit: a bottle of the whiskey, as the same whiskey which he had placed his mark upon at his place of employment. This witness testified that each and every bottle of

whiskey displayed to him in court bore his handwriting in the form of the price for which it was to be sold. This witness further testified that he ran an inventory of the whiskey and discovered that $387.34 worth of whiskey was missing.

Officer Peters testified that the appellant informed him that the bottles of whiskey were Christmas presents. Officer Joseph Chestnut testified that the appellant informed him that he had picked the whiskey up from a place that he could not name, and he was taking it to a place that he could not name, and was delivering it to a person that he could not name.

From the evidence so adduced the jury could, and apparently did, conclude that there was sufficient evidence to prove defendant-appellant's guilt beyond a reasonable doubt.

We do not weigh the evidence, or determine the credibility of the witnesses, that is the duty of the trier of the facts.
  *Grecu* v. *State* (1956), 235 Ind. 234, 131 N. E. 2d 646;
  *Harbaugh* v. *State* (1955), 234 Ind. 420, 126 N. E. 2d 576.

The judgment of the trial court is affirmed.

Arterburn, C. J., Hunter, Myers and Mote, JJ., Concur.

NOTE.—Reported in 224 N. E. 2d 45.