SAMPSON *v.* STATE OF INDIANA.

[No. 30,994. Filed July 31, 1968.]

*Robert S. McCain,* of Fort Wayne, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged on October 4, 1965, in the City Court of the City of Fort Wayne, Indiana, with the

crime of Assault and Battery with Intent to Commit a Felony: Rape. Thereafter said cause was transferred to the Allen Circuit Court. The affidavit, omitting formal parts, signature and jurat, reads as follows:

"Undersigned being duly sworn, upon oath, says: That on or about the 29th day of August A.D., 1965, at the County of Allen and in the State of Indiana, said Defendant, Willie "Spooky" Sampson did then and there unlawfully and feloniously attempted to commit a violent injury upon the person of Ella Mae Mosley, a woman then and there being, he, the said Willie "Spooky" Sampson, then and there having the present ability so to do, with intent then and thereby feloniously and forcibly to ravish and carnally know the said Ella Mae Mosley, against her will, contrary to the form of the statute in such case made and provided."

Thereafter, on January 3, 1966, appellant in person and by counsel, waived arraignment and entered a plea of not guilty to the charge embraced in the affidavit. Appellant at said time waived trial by jury.

On March 3, 1966, this cause came on for trial, finding and judgment, before the court, without the intervention of a jury. At the conclusion of all the evidence the court found appellant guilty of the offense of Assault and Battery with Intent to Commit a Felony: Rape, as charged in the affidavit and that he was then 23 years of age. The cause was then referred to the Probation Officer for pre-sentence investigation.

Afterwards, on March 31, 1966, appellant filed his motion for new trial, the grounds thereof being:

"1. That the finding of the Court is not sustained by sufficient evidence.
2. That the finding of the Court is contrary to law."

Hearing was had on appellant's Motion for New Trial on April 5, 1966, at the conclusion of which the court overruled appellant's motion. Sentencing deferred to April 18, 1966.

Thereafter, on May 9, 1966, the court after having examined the pre-sentence investigation report and being duly advised in the premises, entered judgment as follows:

> "It is, therefore, ordered, adjudged and decreed by the Court that the defendant, Willie "Spooky" Sampson, is guilty of the offense of Assault and Battery With Intent to Commit A Felony: Rape, as charged in the affidavit, and that he be and he is hereby committed to the custody of the Board of Managers of the Indiana State Reformatory for a period of not less than one (1) year, nor more than ten (10) years, and that he pay and satisfy the costs herein taxed."

Appellant's Assignment of Errors is the single specification:

> "The Court erred in overruling the appellant's motion for a new trial."

The evidence most favorable to the State, appellee, is that appellant went to the home of the prosecuting witness shortly after midnight on August 29, 1965, to ostensibly return some license plates to her husband. Prosecutrix admitted him into her home, and once inside he asked permission to use the bathroom. From inside the bathroom appellant asked prosecutrix where her husband was. She informed him that she did not know, and that appellant would have to leave because she did not want to "be bothered with drunks all night." Prosecutrix then testified that appellant, now in the kitchen, grabbed her around the throat, and that she began screaming for the person in the upstairs apartment. She then testified that defendant said, "Shut up or I'll kill you." Appellant then dragged her into a clothes closet where the struggle continued. While in the closet prosecutrix alleged that appellant pulled her pajama bottoms down and unzipped his pants. She also said that she begged appellant not to "do this," and told him that her husband would come home and kill appellant and harm her. Prosecutrix then grabbed an automobile spotlight

from the closet, and struck appellant several times on the head with it. She testified that after she struck him appellant said, "I'm going to have me some." She then said the appellant told her to go outside with him and that once outside she again began screaming for the man in the upstairs apartment. Appellant then threw prosecutrix to the ground. At this time the man in the upstairs apartment opened his window, and looked out. Appellant then ran away.

Appellant admitted that the struggle took place in much the same manner as depicted by prosecutrix, but contends that he originally grabbed her in order to prevent her from getting a knife with which to injure him. Appellant further testified that he did not express a desire to have sexual intercourse with prosecutrix, and that he did not pull down her clothing. Although appellant admitted seeing her pajama bottoms down, he contends that prosecutrix must have pulled them down herself.

Appellant's contention on appeal is that there is a substantial absence of evidence on the essential element of attempt and further that there is a total lack of substantial evidence on the issue of intent to commit a felony, to-wit: rape. Appellant makes an ingenious and plausible argument in support of his contention, and were this case being tried de novo below it could be considered persuasive. At this stage in the proceedings we consider only the evidence most favorable to the State. *Music* v. *State* (1959), 240 Ind. 54, 161 N. E. 2d 615.

The matters attempted to be presented by the appellant are questions of fact, weight of evidence and credibility of witnesses, all of which are matters to be determined by the trial court or jury. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Barnes* v. *State* (1965), 246 Ind. 485, 205 N. E. 2d 539.

This Court has frequently said:

". . . It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law." *Weaver* v. *State* (1963), 243 Ind. 560, 566, 187 N.E. 2d 485; *Stock* v. *State, supra; Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Barnes* v. *State, supra; Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91.

In the case at bar there is no absence of substantial evidence, nor is the evidence without conflict. Considering, as we must on appeal, the evidence most favorable to the State, the judgment below is affirmed.

Arterburn and Hunter, JJ. concur; Lewis, C. J. concurs in result; Mote, J. not participating.

NOTE.—Reported in 238 N. E. 2d 661.