KENNETH RICHARD WINCEL *v.* STATE OF INDIANA.

[No. 668S96. Filed December 17, 1968.]

*Frederick B. Robinson,* Indianapolis, for appellant.

*John J. Dillon,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a conviction of the appellant of second degree burglary. The only question raised on appeal is that the evidence is not sufficient to sustain the finding of guilty, and this centers about the fact that the testimony of the accomplice was the only evidence that implicated the appellant. The accomplice, Thomas Cook, gave his age as 16 years and that he lived at the Father Gibault's School for Boys at the time of the trial. He testified that he and the appellant planned the burglary of an Indianapolis public school; that he went to the appellant's home on December 7, 1966, and the appellant drove the car to the school building located at 2815 English Avenue, Indianapolis, Indiana. The appellant waited in the car while Cook broke into the school building and was arrested by the police, who arrived on the scene shortly after the break-in. The appellant was not apprehended at the time, but was implicated by Cook in his conversations with the police.

The appellant contends that the testimony of an accomplice must be viewed with caution; that there was no corroboration of the prosecuting witness's testimony linking the appellant with the crime, and that the prosecuting witness was a juvenile delinquent. It is argued that appellant's presence at or near the public school building must be proved "beyond a reasonable doubt" and that appellant's intent to commit a felony must be "proved beyond a reasonable doubt." With all these contentions we must agree, but the proof and standards re-

ferred to are those which take place in the trial court—not on appeal.

Although the evidence may be meager, we may look only to that which is most favorable to the state upon review in this Court. *Ponos* v. *State* (1962), 243 Ind. 411, 184 N. E. 2d 10; *Bush* v. *State* (1968), 251 Ind. 84, 237 N. E. 2d 584.

We may not weigh the evidence or determine the credibility of a witness on appeal. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809.

Nor do we on appeal weigh the evidence to determine whether or not, in our opinion as judges sitting on this Court, the proof is beyond a reasonable doubt. Reasonable doubt is one for the trier of the facts—not for the judges of a court of appeals. The triers of the fact see the witnesses, how they act and their reactions to questions in the courtroom. It has been said many times that because these factors cannot be brought into a court record, they become imponderable for the consideration of a court of appeals.

Recently, in *Walker* v. *State* (1967), 249 Ind. 551, 224 N. E. 2d 45, 46, this Court said: (Jackson, J.)

"This Court has repeatedly held that it will not weigh the evidence, but will consider that evidence most favorable to the State when reviewing the issue of the sufficiency of evidence."

and again this Court has said:

"It is amazing that so many appellants come to this Court relying on the grounds under discussion here, when it is well settled that this Court does not weigh the evidence nor will it determine the credibility of witnesses." *Rice* v. *State* (1967), 248 Ind. 200, 223 N. E. 2d 579, 582.

The motion for a new trial only raised the question of the sufficiency of the evidence and that it was contrary to law.

It did not raise as alleged error any motion to discharge. That question is not before us on appeal. However, the motion to discharge was made to the trial court at the close of state's evidence, and was in all respects nothing more than a demurrer to the evidence in which the evidence most favorable to the state is admitted for the purpose of the motion. In other words, it has the same legal affect as a motion for a directed verdict made at the close of the state's evidence in a trial before a jury. At that time the court looked at the evidence most favorable to the state. In 28 I. L. E., *Trial*, § 132, it is stated:

> "A motion for a directed verdict is in the nature of, or equivalent to, a demurrer to the evidence, and it admits all the facts of which there is any evidence, and all reasonable inferences which can be drawn from the evidence."

It appears, therefore, that the trial judge was correct in the position he took with reference to the motion to discharge, even though the ruling thereon was not raised in the motion for a new trial and is not before us as the dissenting opinion assumes.

For the reasons stated, neither the credibility of the witness nor the weight of the evidence may be considered by this Court on appeal as long as the evidence supports the verdict.

The judgment of the trial court is affirmed.

Lewis, C.J., and Hunter and DeBruler, JJ., concur.

Jackson, J., dissents with opinion.

### DISSENTING OPINION.

JACKSON, J.—I am unable to agree with the determination reached by the majority opinion herein and dissent thereto.

The statement of policy following the citation of the following cases, *Ponos* v. *State* (1962), 243 Ind. 411, 184 N. E.

2d 10, *Bush* v. *State* (1968), 251 Ind. 84, 237 N. E. 2d 584, and *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809, constitutes an extension of the holdings of those cases not found therein and is unsupported dicta. Furthermore, by implication, the stance here taken by the majority opinion would require this Court to abandon its duty to review the evidence in order to determine whether or not there was substantial evidence of probative value to sustain the verdict of the jury or the judgment of the trial court.

In the case at bar the State admits in its brief, "[t]he Nature of the Action, What the Issues Were, How the Issues Were Decided and What the Verdict Was, and the Summary of the Record, as set forth in Appellant's Brief, are substantially correct for the purposes of this appeal."

The only evidence, in the case at bar, linking appellant with the crime charged came from only one source, Thomas Cook, the person who surrendered to the police at the scene and admitted his (Cook's) guilt. Cook implicated appellant as testified to by officer Seay who testified about appellant from hearsay obtained outside the presence and hearing of appellant.

I admit that this Court has held that a conviction can be had on the uncorroborated evidence of an accomplice, but in so doing we have also held that the evidence was to be carefully scrutinized and carefully examined in the light of all other evidence. *Kleihege* v. *State* (1934), 206 Ind. 206, 188 N. E. 786.

I ask where in this case, outside Cook's contradictory stories, is there any evidence that appellant was either a principal or accomplice to the alleged crime.

The indictment on which appellant was tried, in pertinent part, reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that Kenneth Wincel on or about the 7th day of December, A.D. 1966, at and in the County of Marion and in the State of Indiana, did then

and there unlawfully, feloniously and burglariously break and enter into the building and structure of THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS then and there situated at 2815 English Avenue in the City of Indianapolis, County and State aforesaid, which building and structure was not a place of human habitation, with intent to commit a felony therein, to-wit: unlawfully and feloniously and knowingly obtain and exert unauthorized control over the property of THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS and to deprive said THE BOARD OF SCHOOL COMMISSIONERS OF THE CITY OF INDIANAPOLIS permanently of the use and benefit of said property, then and there being . . . . contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

At the conclusion of the State's evidence, and after the State had rested, appellant's attorney made a verbal motion to discharge the appellant for lack of evidence. The court overruled the motion and in doing so stated:

"The Court: Well, I think the motion raises an issue of law into which I can not weigh the evidence most favorable to the State and the reasonable inferences which can be drawn therefrom; that coupled with the fact that an accessory can be charged and proven guilty as a principal leads me to only one ruling and that is motion overruled."

I point out that this is a criminal case, that the defendant stands clothed with a presumption of innocence which follows him throughout the trial and until his guilt is proven beyond a reasonable doubt. That until the conclusion of the trial and the proof of guilt beyond a reasonable doubt is established, all inferences, presumptions and doubts are and must be resolved in favor of the defendant's innocence.

In the case at bar the case was tried to the court, a jury having been waived, it therefore was the mandatory duty of the judge, the trier of the facts, to do the very thing he said he could not do, viz: *weigh the evidence of the State.* At that time, and until this case reached this Court for appellant's

review, there was and could be no "evidence most favorable to the State," at that time and place the only evidence before the court was the State's evidence. At that time all presumptions and inferences had to be indulged in favor of the defendant's innocence under our statutes, rules and case law, and it was the mandatory, sworn duty of the trier of the facts, the trial judge, to at that time weigh such evidence in view of the then pending motion to discharge the defendant.

The ruling of the court, denying appellant's motion, clearly indicates the court's error, misunderstanding and misapprehension as to his obligations and duty under the law. Such error constituted an abuse of discretion prejudicial to the rights of the defendant-appellant in that it denied him a fair and impartial trial before a fair and impartial tribunal. A trial court that at the trial level states he cannot there weigh the State's evidence, as well as all other evidence adduced, certainly cannot give and did not, in the case at bar, a fair and impartial trial to the defendant.

On the record before us, this cause should be reversed and remanded to the trial court with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 242 N. E. 2d 508.