BOSS v. STATE OF INDIANA.

[No. 769S158. Filed November 12, 1970. No petition for rehearing filed.]

*Federick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by affidavit with the crime of robbery, said affidavit reading in pertinent part as follows:

"(T)hat EARL BOSS, JR. on or about the 4th day of OCTOBER, A. D. 1967, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and putting SALLY MARX (sic) in fear, take from the person and possession of the said SALLY MARX (sic) money then and there of the value of FORTY DOLLARS ($40.00) in lawful money, which property the said SALLY MARX (sic) then and there lawfully held in her possession and was then and there the property of ROSELYN BAKERIES, INC., a corporation, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On October 25, 1967, appellant waived arraignment and entered a plea of not guilty to the crime as charged. Trial by jury commenced on December 16, 1968. On December 17, 1968, the jury returned its verdict, finding appellant "* * * guilty of the crime of Robbery as charged in the Affidavit * * *." On January 2, 1969, the court sentenced appellant to the Indiana State Reformatory for not less than Ten (10) nor more than Twenty-five (25) years and disfranchised him for a period of Two (2) years.

Appellant's Belated Motion for New Trial was filed April 14, 1969, said motion attacking the verdict of the jury as not sustained by sufficient evidence and contrary to law. Said

motion was overruled by the court on the same day. Appellant's sole Assignment of Error on appeal is that: "1. The Court erred in overruling Appellant's Motion for a New Trial."

From the evidence adduced at the trial of this cause, viewed most favorably to the State, it appears that on October 4, 1967, Mrs. Sally Marks was employed as a clerk at the Roselyn Bakery located at 3302 W. 16th Street in the City of Indianapolis. Between 2:30 and 3:00 p.m. on said date Mrs. Marks had occasion to assist appellant in the course of her employment. Appellant purchased .73 cents worth of rolls and handed Mrs. Marks a one-dollar bill. After taking .27 cents from the cash register, and as she was turning around to give appellant his change, Mrs. Marks observed appellant laying across the top of the counter, which separates her from the customers who come into the store, with a gun in his hand. At this time appellant was approximately one to three feet from Mrs. Marks. He demanded all the paper money in the cash register, and she immediately gave it to him. Appellant then remained inside the store for two to three minutes after receiving the money. During this period of time Mrs. Marks was able to get a good look at appellant and, thereafter, positively identify him at the trial of this cause as the man who robbed her. She testified as follows:

"A. * * * I just handed the money over to him and he stood there and looked at me. If he had took the money and left I never would have been able to identify him but he stood there and he held that gun and I just kept looking at him.
Q. You were looking him straight in the face?
A. Straight, his eyes and his face I will never forget." (Tr. p. 56).

Appellant was apprehended by the police approximately one week after the robbery, on the basis of a description given to them by Mrs. Marks. On the day he was apprehended, ap-

pellant was viewed by Mrs. Marks in a pre-trial line-up and was there positively identified by her as the man who robbed the above-mentioned Roselyn Bakery on the date in question.

Appellant contends that his conviction should be reversed for the reason that the evidence presented to the trial court was wholly insufficient to sustain his conviction. More specifically, he contends that there was no evidence of probative value to prove that he was the individual who robbed Mrs. Marks, and that there was no evidence presented to prove that Mrs. Marks was, in fact, put in fear at the time of the robbery. Each of appellant's arguments must fail.

Certainly, there was sufficient evidence presented to the trial court to prove beyond a reasonable doubt that appellant was in fact, the individual who robbed Mrs. Marks. This Court has stated on numerous occasions that, when the question of the sufficiency of the evidence is raised as an issue on appeal, it will consider only that evidence most favorable to the State together with all the logical and reasonable inferences which may be drawn therefrom, *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Croney* v. *State* (1969), 252 Ind. 319, 247 N. E. 2d 501; and that a conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 409, 260 N. E. 2d 558.

Mrs. Marks' observations at the time of the robbery provided the basis for the general description of her assailant, given to the police, which led to appellant's apprehension. Mrs. Marks thereafter positively identified appellant, on two separate occasions, as the individual who robbed her. She immediately recognized appellant, and pointed him out to the police, as he stood in a line-up at the police station on the day he was apprehended. Thereafter, she again positively identified him during the course of her in-court testimony.

Mrs. Marks testified as follows with respect to whether or not she was placed in fear at the time of the robbery:

"Q. Now when he was holding this gun on you, you were afraid?

A. Well, I guess I was because I said please don't shoot." (Tr. p. 60).

That she did not directly and positively testify that she was afraid and placed in fear by the acts of appellant is immaterial. In *Cross* v. *State* (1956), 235 Ind. 611, 137 N. E. 2d 32, this Court stated:

"The expression 'putting in fear' is described * * * as follows:

'And when it is said to be done by putting in fear, this does not imply any great degree of terror or affright in the party robbed: *it is enough that so much force, or threatening by word or gesture, be used, as might create an apprehension of danger, or induce a man to part with his property without or against his consent * * *.'* " (Emphasis supplied).

Mrs. Marks was clearly "put in fear" under the test outlined in *Cross*. Appellant was armed with a pistol, which he pointed at Mrs. Marks, when he demanded the money. At this time he was no more than one foot away from her. She pleaded with appellant not to shoot her because of her family, and, when the money was demanded, she immediately handed it over. We feel appellant sufficiently threatened Mrs. Marks, in the case at bar, so as to induce her to part with the money under her possession and control against her consent.

The judgment of the trial court is affirmed.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 263 N. E. 2d 546.