HERMAN LIVINGSTON v. STATE OF INDIANA.

[No. 570S110. Filed January 17, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was charged in two counts, the first alleging first degree murder and the second charging the killing of decedent while in perpetration of a robbery. He was found guilty of the lesser included offense of second degree murder upon the first count and sentenced to life imprisonment. No verdict was returned upon the sec-

ond count. The error assigned is addressed to the sufficiency of the evidence.

Decedent was delivering fuel oil to the home of the witness, Mathis, a nineteen year old boy. Mathis first met him near the front of the house and directed him to the oil tank at the side of the house and then went inside. He was using the telephone when he heard a disturbance in the vicinity of the oil tank, a sound like a firecracker and then a cry of "Help." He went outside and saw the decedent lying on the ground. The defendant was bending over him. Mathis recognized the defendant and called him by name, whereupon the defendant pointed a gun at him and told him not to say his name again. Mathis told Defendant that he had better leave, and he did so. As Defendant fled down a nearby alley, Mathis followed to the alley and looked in the direction of Defendant's flight. Defendant responded with gun shot. Mathis and his father carried decedent into the house and called the police. The police came, rendered first aid to the decedent's head wounds, that apparently came from having been beaten, and then called an ambulance. The ambulance took the decedent to the hospital, where it was learned that he had also been shot in the head. Decedent died in the hospital approximately seven weeks later from pneumonia and kidney infection resulting from the gunshot wound and without having regained consciousness. The only information that the police had been able to obtain from the decedent before he elapsed into unconsciousness was his name.

While the police were in the Mathis home, Mathis lied to them about the defendant and gave them misinformation concerning his appearance. He told them the same story at police headquarters the following morning, but just after leaving the building, he returned, told what really had happened and informed upon the defendant. At the trial, the only evidence implicating the defendant came from Mathis. He testified that he gave false information to the police on the night of the incident because, on that occasion, the police were talking

to the decedent who gave them the defendant's description, and he was afraid that the defendant would think that he had informed. Mathis' testimony that the decedent had given the police the defendant's description does not conform to the police testimony that they only obtained his name from him; and it is the defendant's position that in view of this and Mathis' having told conflicting stories, his testimony becomes incredible and unbelievable and will not support the conviction.

When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 256 Ind. 381, 244 N. E. 2d 89.

The conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383; *Boss* v. *State* (1970), 255 Ind. 222, 263 N. E. 2d 546; *Brown* v. *State* (1970), 255 Ind. 227, 263 N. E. 2d 534.

This Court, on appeal, will not weigh the evidence nor determine the credibility of the witnesses. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809; *Sampson* v. *State* (1968), 251 Ind. 72, 238 N. E. 2d 661.

This Court has held that a judgment must be sustained within required standards of proof with evidence sufficiently credible to be of probative value. *Penn* v. *State* (1957), 237 Ind. 374, 146 N. E. 2d 240. However, we cannot, as Defendant would have us to do, say, as a matter of law, that Mathis' testimony was not within the required standards of proof. Although subject to question and severe scrutiny, it nevertheless was incumbent upon the trial court to submit

it to the jury for such weight and credibility as it, in its exclusive province, would ascribe to it.

Defendant next contends that there was no evidence of the essential elements of purpose and malice, which are necessary to sustain a conviction of second degree murder and suggests that the jury's failure to return a verdict as to count II amounted to an acquittal upon that count, or a finding that in fact no robbery took place, which in turn amounts to a negative finding upon the questions of malice and purpose. We do not accept this theory. There was ample evidence from which the jury could find that the defendant shot the decedent. Neither intent nor malice need be proven by positive evidence but may be inferred from the deliberate use of a deadly weapon in a manner calculated to cause death. *Helms* v. *State* (1968), 251 Ind. 335, 241 N. E. 2d 244.

The failure of the jury to return a verdict upon the count of killing in the perpetration of a robbery amounts to a finding of not guilty upon that count and has not harmed the defendant. However, we only infer therefrom that the jury failed to find all of the elements of that offense beyond a reasonable doubt. This need not be inconsistent with a finding of intent and malice as required under count I.

Defendant has also complained that the State did not at any time offer any ballistics evidence against him or connect the gun which was taken from him as being the gun that fired the bullet into the decedent. It is altogether possible that the State might have made a stronger case had it done either or both of these things, but it was not required to do either, and we do not presume anything, pro or con, from its failure therein.

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE. Reported in 277 N. E. 2d 363.