RUTH M. ESKRIDGE *v.* STATE OF INDIANA.

[No. 771S197. Filed April 21, 1972. Rehearing denied June 19, 1972.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William D. Bucher,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant, Ruth M. Eskridge, was charged by affidavit with violation of *Burns' Ind. Stat. Anno.,* § 10-3520 (c) ; the 1935 Narcotics Act, as amended. Section 10-3520 (c) provides as follows:

> "It shall be unlawful for any person to possess or have under his control, with intent to violate any provision of this act (§§ 10-3519—10-3543), any hypodermic syringe or

needle of any instrument adapted for the use of narcotic drugs by injection into a human being."

She waived arraignment and pleaded not guilty. Appellant waived trial by jury. Trial commenced before the court and the appellant moved for discharge which was overruled. Subsequently, she was found guilty as charged.

On March 19, 1971, appellant filed a motion to correct errors which was sustained on April 2, 1971. A new trial was ordered and on April 7, 1971, appellant moved for discharge on the grounds that a new trial would place her in double jeopardy. The court overruled appellant's motion and she again stood trial. The court found her guilty as charged. She was sentenced as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DE-CREED by the Court that the Defendant Ruth M. Eskridge be and hereby is, sentenced to the Indiana State Womens Prison for not less than One (1) nor more than Five (5) years and costs."

On April 16, 1971, the appellant filed her second motion to correct errors which was overruled on April 19th.

Reviewing the evidence presented at trial, viewed in favor of the judgment, we find that on the 7th of January, 1971, Officer Brenton of the Indianapolis Police Department observed the appellant walking down Indiana Avenue in Indianapolis with a male companion. Officer Brenton and his partner recognized the appellant from previous encounters. When appellant saw the car she increased her speed of walking and turned down an alley. As she hurried down the alley, she placed something on the ground. Officer Brenton testified that what the appellant placed on the ground was a female hygiene kit. This particular kit, however, contained instead of the usual items, a needle, a syringe and a cooker, all items commonly employed in the administration of narcotics. The testimony given by Officer Mukes revealed that he had noted the existence of puncture marks on appellant's hands and arms

over her veins. Some of her veins had collapsed. Some of the needle marks which Officer Mukes observed were only 3 to 6 hours old. Officer Mukes was acquainted with the appellant and on previous occasions had engaged in conversations with her about her addiction to narcotic drugs.

Appellant's Summary of Argument raises three propositions of alleged error on the part of the trial court. They are, in order of consideration:

1. Whether certain testimony by a police officer regarding prior convictions of the accused was properly admitted into evidence.
2. Whether the conviction for possession of narcotics paraphenalia was supported by sufficient evidence of intent to use those items to administer narcotic drugs.
3. Whether the trial court's order for a new trial on the charge of "possession of narcotics instruments with intent" following a conviction for that same offense placed the Defendant in double jeopardy.

Appellant's first proposition raised basically three objections to the testimony of the police officers. First is that neither Officer Brenton nor Mukes, the testifying officers, were qualified to testify as experts regarding the nature and possible uses of the drug apparatus dropped by the appellant. The question of whether or not a witness is qualified as an expert is in the discretion of the trial court, and the determination of that court may not be set aside unless there is a manifest abuse of that discretion. *Tyler* v. *State* (1968), 250 Ind. 419, 236 N. E. 2d 815. It is our opinion that both officers possessed adequate training and experience in the field since both men had attended numerous state seminars and federal drug training institutes. With both men having firm foundation of training on the subject of the use and control of narcotic drugs, it does not seem to this court that the trial court's rulings constituted a manifest abuse of discretion as is required for a reversal.

Objections number two and three relating to proposition number one deal with the testimony of Officer Mukes. Officer

Mukes testified, over the objection of the appellant, that he and appellant had engaged in conversations prior to her arrest. The essence of these conversations revolved around the fact that appellant was a user of narcotic drugs. The purpose of testifying as to these conversations was to establish the element of the crime which calls for a showing on the part of the appellant of "intent" to unlawfully use the possessed instruments. Officer Mukes further testified that appellant had prior convictions for drug violations. Appellant claims that to allow testimony regarding past convictions is reversible error. With this point we disagree. This court has held that testimony regarding past conversations and convictions when offered to prove "intent" are admissible. The recent case of *Von Hauger* v. *State* (1971), 255 Ind. 666, 266 N. E. 2d 197, dealt with this argument and concluded:

> "(n)or do we think there is any question here that there was evidence of intent from the history of appellant's own activities, which showed previous convictions with reference to the use of narcotic drugs and the statement which he made to a police officer only a month prior to his arrest that he was a narcotics user."

We find no error in the admission of the objected to testimony.

Appellant's second proposition of error alleges that there was insufficient evidence of intent to make use of the discarded articles for the administering of narcotic drugs. It is clear that under *Burns' Ind. Stat. Anno.*, § 10-3520 (c), 1970 Supp., intent to unlawfully use the possessed instruments is an element of the crime which must be proven beyond a reasonable doubt by the state. Referring again to *Von Hauger* v. *State, supra,* we find the two cases nearly identical in every way. In that case the police followed a man carrying a sack into an alley. He dropped the sack and continued to flee. Inside the sack was found various narcotic paraphenalia, similar to that found in the female hygiene kit discarded by the appellant in the instant case. The facts, the

evidence of past conversations and past convictions on narcotic charges all amounted to an adequate showing of intent in the *Von Hauger* case. This very distinction is brought out by Justice DeBruler in *Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383, when he distinguished that case from *Von Hauger, supra*. This situation is nearly identical to the case before us now and we, therefore, conclude that appellant's conviction was supported by sufficient evidence.

Appellant's final proposition of appeal states that the trial court erred in overruling appellant's motion for discharge following a conviction and a ruling sustaining her motion to correct errors in that she would have to again stand trial for a crime of which she had already been tried and found guilty. She therefore contends that she was placed in double jeopardy.

It is well settled law that re-trial of an accused whose conviction has been reversed on motion by a defendant for a new trial or on appeal by a defendant is an exception to the prohibition of double jeopardy. A defendant may not ask a court to correct errors and when granted by a new trial, then claim that what was petitioned for creates double jeopardy. The case of *United States* v. *Tateo* (1964), 377 U. S. 463, 84 S. Ct. 1587, 12 L. Ed. 448, the court held as follows:

> "The Fifth Amendment provides that no 'person (shall) be subject for the same offense to be twice put in jeopardy of life or limb * * *.' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence."

In *Bryan* v. *United States* (1950), 338 U. S. 552, 70 S. Ct. 317, 94 L. Ed. 336, the Supreme Court of the United States held that a court of appeals may, when it reverses a lower court because of insufficient evidence, direct that a new trial be held.

The only distinction between the *Bryan* case and the case at bar is that the appellate court there ordered the trial court to hold a new trial, rather than the trial court making such a determination itself. Criminal Rule 16 as found in the Indiana Rules of Criminal Procedure and Trial Rule 59 as found in the Indiana Rules of Civil Procedure provide for motions to correct errors in criminal proceedings. Trial Rule 59 (E) provides in part:

> *"Relief granted on motion to correct errors.* The Court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:
>
> 1. grant a new trial;"
>
> * * *

Under Trial Rule 59 (A), a trial court may grant relief, without limitation, on its own motion as well as upon the motion of a party. The appellant may not limit the grounds for relief, or the relief to be granted, to that which was requested in his motion. The facts here show that the appellant made a motion for discharge at the close of the State's evidence and did not renew this motion at the close of the case in order to keep it alive.

The record does not show the ground for the motion for discharge. The point we make is that if there had been a claimed insufficiency of evidence, the State should have had an opportunity to supply such insufficiency or reopen the case for that purpose, even after it had rested, since a trial is not a game of technicalities, but one in which the facts and truth are sought. It was not until after the trial was over that the appellant then filed a motion to correct errors. The record shows there was a claimed insufficiency of evidence on the ground that there was no showing "of intent to administer

and use narcotic drugs." That is the first time so far as the record before us shows that that question was raised.

In order to claim double jeopardy, the appellant must act promptly during the trial to raise the question of insufficiency, or other technical ground, thus giving the opportunity to remedy such defect if it may be done. Otherwise, we let the defendant play cat and mouse, waiting until the case is over to raise the insufficiency question, and after it is too late for the State to produce some small item of evidence, which it might readily furnish, such as venue, or value of goods stolen, or the age of the defendant (where it is material), which through oversight of inadvertence has not been presented in the evidence.

In the case the appellate states that they moved for a discharge during the trial, but does not even cite the transcript page. Our search, however, reveals that there was a general motion for discharge without any specification of the grounds therefore. *It was not based,* so far as the record shows, *on an insufficiency of the evidence.* We do not know whether the ground for the motion was for insufficiency of evidence, or for some other reason unknown to us, such as misconduct of the prosecutor or jury. The appellant waited until after the trial was over to urge an insufficiency of the evidence, instead of pointing it out at the end of the trial when there would have been an opportunity to have remedied any alleged omission.

In our opinion TR 59 gives the trial court the right to grant a new trial and is not limited by the prayer of appellant's motion to correct errors asking for a discharge. In our opinion the appellant here was given justice and due process and was guilty as a second trial revealed. We do not feel she is entitled to escape through a technicality such as is being urged.

The judgment of the trial court is affirmed.

Givan, Hunter, Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DeBruler, J.—Appellant was convicted on this charge in a trial without jury. Pursuant to TR. 59A(4) appellant filed a motion to correct errors based solely on the insufficiency of the evidence to show the required intent and she requested a discharge. The trial court granted appellant's motion to correct errors but instead of discharging her, he immediately set the case for re-trial in thirteen days. Appellant filed a motion to discharge on the ground that to try appellant for the same offense would constitute double jeopardy in violation of the Fifth and Fourteenth Amendments to the United States Constitution. The trial court overruled the appellant's motion.

I think the trial court erred because under TR. 59E, the granting of this appellant's motion to correct error was a finding of not guilty for lack of evidence, and it is undisputed that an appellant found not guilty may not be tried on that same charge. My reasoning is as follows:

The sole allegation of error in the motion to correct error was the insufficiency of the evidence on the element of intent. In granting such a motion the trial court had to review the evidence. Trial Rule 59E reads in pertinent part:

> "(E) Relief granted on motion to correct errors. The court, if it determines that prejudicial or harmful error has been committed, shall take such actions as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the issues:
>
> * * *
>
> "(7) *in reviewing the evidence, the court* shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and *shall enter judgment,* subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or *if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence."* (Emphasis added.)

This rule defined the sole issue for the trial court, namely, was the finding of guilty against the weight of the evidence. The granting of the motion to correct error necessarily constituted a determination that the finding of guilty was "against the weight of the evidence". At that point the trial court had no power under the Rule to do anything except enter judgment for appellant.

The double jeopardy clause of the Federal Constitution also requires that result. Since the trial court was also the trier of fact he could not both find appellant guilty beyond a reasonable doubt *and* determine that that finding was against the weight of the evidence. In a trial without jury the trial court determination that the finding of guilty was against the weight of the evidence was itself a finding of not guilty. Once the trial court found appellant not guilty, she could not be re-tried on that same charge without violating the federal constitutional prohibition against double jeopardy. *Ashe* v. *Swenson* (1970), 397 U. S. 436, 90 S. Ct. 1189, 25 L. Ed. 2d 469; *Benton* v. *Maryland* (1968), 395 U. S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707; *U. S.* v. *Ball* (1896),163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300; *Dunn* v. *State* (1880), 70 Ind. 47.

The majority opinion makes no attempt to refute the above argument but apparently holds that appellant waived her double jeopardy claim by not raising the sufficiency issue at the trial. This holding is erroneous for several reasons: (1) Until today there has never been a rule that a defendant must raise the issue of the sufficiency of the evidence at some time prior to raising it in the motion to correct errors. The majority opinion cites no authority for its position, nor could it. The rule is quite to the contrary. TR 59A; I.L.E., *Criminal Law* § 606, § 711. See for example *Wincel* v. *State* (1968), 251 Ind. 498, 242 N. E. 2d 508. If appellant had waived the issue, then it was not properly in the motion to correct errors and the trial court was in error in ruling on the merits of the motion to correct errors. If it was validly raised in the motion to correct errors then the majority opinion has the burden of

explaining why the trial court ruling did not constitute an acquittal and therefore a bar to a new trial.

(2) Assuming arguendo that appellant was required to raise the issue at trial, the record shows clearly that this was done in the normal way. Appellant made a motion for discharge at the close of the State's case. The issue raised by that motion is the same as that raised in a jury trial by a motion for directed verdict, now called motion for judgment on the evidence, TR. 50. *Wincel* v. *State, supra.* In that case, Justice Arterburn wrote:

> "The motion for a new trial only raised the question of the sufficiency of the evidence and that it was contrary to law. It did not raise as alleged error any motion to discharge. That question is not before us on appeal. However, the motion to discharge was made to the trial court at the close of statute's [sic] evidence, and was in all respects nothing more than a demurrer to the evidence in which the evidence most favorable to the state is admitted for the purpose of the motion. In other words, it has the same legal effect as a motion for a directed verdict made at the close of the state's evidence in a trial before a jury." 242 N. E. 2d at 509.

A motion for discharge at the close of the State's case has to be renewed or waived only if the defendant introduces some evidence in his defense. *Ward* v. *State* (1965), 246 Ind. 374, 205 N. E. 2d 148; *Johnson* v. *State* (1964), 245 Ind. 285, 198 N. E. 2d 373. Appellant's motion did not have to be reviewed because immediately after the trial court overruled her motion she rested her case. Therefore, appellant did properly raise the issue of sufficiency of the evidence during the trial.

(3) Appellant's right not to be tried again for the same offense after an acquittal is a fundamental, constitutional right and not some technical rule of procedure to be ignored in order to affirm a trial court ruling. We can find a waiver of such a right only if the record shows an "intentional relinquishment or abandonment of a known right or privilege". *Johnson* v. *Zerbst* (1937), 304 U. S. 458, 58 S. Ct. 1019, 82

L. Ed. 1461; *Fay* v. *Noia* (1963), 372 U. S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837; *Carnley* v. *Cochran* (1962), 369 U. S. 506, 82 S. Ct. 884, 8 L. Ed. 2d 70; *Grimes* v. *State* (1972), 257 Ind. 660, 278 N. E. 2d 271; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N. E. 2d 557. The majority opinion does not attempt to point to such evidence because there is none. In fact the record shows just the opposite to be true. Appellant raised the sufficiency issue at the correct time and did not waive it by introducing any evidence whatsoever. Assuming arguendo that appellant failed to raise the sufficiency issue at trial, the question is whether she knew her failure constituted a waiver of her constitutional right against double jeopardy. The answer is clearly no because such a waiver rule did not exist until it was created in this opinion. Therefore there was no valid waiver of the double jeopardy claim and the majority opinion must come to grips with the constitutional effect of the trial court ruling on the motion to correct errors.

NOTE.—Reported in 281 N. E. 2d 490.