STEPHEN R. FONCANNON *v.* STATE OF INDIANA.

[No. 2-174A50. Filed December 26, 1974.]

*Larry R. Champion,* of Indianapolis, for appellant.
*Theodore L. Sendak,* Attorney General, for appellee.

### CASE SUMMARY

BUCHANAN, J.—The Defendant-Appellant Stephen R. Foncannon (Foncannon) appeals the trial court judgment convicting him of Assault and Battery with Intent to Rape, claiming insufficient evidence.

We affirm.

### FACTS

The facts most favorable to the State are as follows:

At approximately 12:30 P.M. on March 30, 1973, Ellen drove into the Michigan Meadows apartment complex in Indianapolis, Indiana, where she resided. As she parked her car near her apartment building she observed Foncannon sitting in an auto nearby.

Walking toward her second story apartment she further observed Foncannon drive his car to the back of her apartment building and park it, leaving the engine running and a car door open.

After placing a large box she was carrying in her apartment, Ellen was about to return to her car and had reached back and locked her apartment door as she heard someone approaching via the rear stairway.

As she started down the stairs Foncannon, laughing and grinning, seized her "with force" and "reached his hand up my dress and grabbed my female organs", and touched her breast.

She screamed and began pushing and kicking, and finally managed to break away.

Once outside, she told two maintenance men that "a guy grabbed" her, and they immediately pursued Foncannon, apprehending him after a chase in a nearby apartment building.

Foncannon admitted being in Ward's apartment building, but stated he was merely passing through to get assistance for his stalled car when he tripped on his shoestring causing him to bump into Ellen.

Foncannon was convicted of Assault and Battery with Intent to Rape and sentenced to one to ten years imprisonment.

## ISSUE

Was there sufficient evidence to support Foncannon's conviction of Assault and Battery with Intent to Rape?

Foncannon contends that there is no substantial evidence, either of a direct or circumstantial nature, from which an intent to rape could be reasonably inferred.

The State replies that the mere fact that Foncannon did not consummate a rape does not negate his obvious intent to rape as shown by the evidence most favorable to the State.

## DECISION

CONCLUSION—It is our opinion that there was sufficient evidence of Foncannon's intent to rape.

Recognizing that we will not weigh the evidence nor determine credibility but will look only to the evidence most favorable to the State and all reasonable inferences to be drawn therefrom to determine if there was substantial evidence of Foncannon's intent to rape, it is apparent there was sufficient evidence of such intent. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888; *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N.E.2d 775; *Byassee* v. *State* (1968), 251 Ind. 114, 239 N.E.2d 586; *Samp-*

*son* v. *State* (1968), 251 Ind. 72, 238 N.E.2d 661; *Arnett* v. *State* (1973), 155 Ind. App. 82, 291 N.E.2d 376; *Hendley* v. *State* (1974), 160 Ind. App. 338, 311 N.E.2d 849.

In *Washington* v. *State, supra,* our Supreme Court observed:

"To prove the offense of Assault and Battery with Intent to Rape, the intended act [rape] need not be shown to have been consummated, it needs only to be shown that there was conduct by the accused from which the court or jury could logically and reasonably infer the element of intent. This Court in *Hanes* v. *State* (1900), 155 Ind. 112, 116, 57 N.E. 704, 705, made the following statement on this point. 'Intent is a mental function, and, where not consummated, it is impossible to know with absolute certainly what was operating in the actor's mind; and in such cases it must be arrived at by courts and juries from a consideration of the conduct in the natural and usual sequence to which such conduct logically and reasonably points. . . .' " 271 N.E.2d at 888-890.

Foncannon seized Ellen, detained her against her will, and forcibly touched intimate parts of her body. There is a clear implication that in doing so he intended to gratify his sexual appetite by raping her had she not struggled free of his sexual embrace.

The judgment of the trial court is supported by sufficient evidence and is therefore affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 320 N.E.2d 793.