MICHAEL TAYLOR, A/K/A CAROL PERICE *v.* STATE OF INDIANA.

[No. 669S129. Filed March 15, 1971. Rehearing denied May 14, 1971.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

DEBRULER, J.—This is an appeal from a conviction for possession of narcotics equipment in violation of I.C. 1971, 35-24-1-2, being Burns § 10-3520(c). The trial was without jury in the Marion County Criminal Court, Division 1, and appellant was sentenced to one to five years in prison and fined $200.00.

The indictment reads as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that MICHAEL

TAYLOR alias CAROL PERICE on or about the 9th day of OCTOBER, A.D. 1968, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously possess and have under his control certain insturments, [sic] to-wit: an eye-dropper, needle, syringe and bottle cap with intent to unlawfully administer and use narcotic drugs, which said instruments were then and there adapted for the use of narcotic drugs by injection in a human being, then and there being. . . ."

Under this indictment appellee was required to introduce evidence on each of the following elements:

(1) Appellant had possession of certain instruments, namely, an eyedropper, needle, syringe and bottle cap;

(2) These instruments were adapted for the use of narcotic drugs by injection in a human being; and

(3) Appellant possessed those instruments with the intent to unlawfully administer and use narcotic drugs.

Appellant's sole contention on appeal is that there was insufficient evidence to sustain the trial court finding that appellant possessed the instruments with intent to unlawfully administer narcotic drugs.

In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The evidence which tends to support the trial court finding comes from two witnesses and is as follows:

Officer Reed Moistner, Indianapolis Police Department, testified that on October 9, 1968, he observed appellant shoplift some clothes in Block's Department Store. Appellant, a male,

was dressed as a female and carried a leather purse. Moistner arrested appellant for shoplifting and in searching the purse appellant was carrying he found the following items: a hypodermic type needle, an eye-dropper covered with an unknown sticky substance, a bottle cap that had been burned on the bottom, and an empty Excedrin bottle. This officer stated that appellant was known to him as an addict, the basis of such knowledge being some unspecified "record".

Lieutenant Jones, in charge of the Narcotics Section of the Indianapolis Police Department, testified that he had had extensive training and experience over the last twelve years in the investigation of narcotics cases, including training at the Federal Bureau of Narcotics Enforcement Training School in Washington, D.C. Lt. Jones said the needle, eye-dropper and bottle cap are called an "outfit" on the street and that he had seen those same three items many times in the possession of drug addicts. The eye-dropper is placed over one end of the hypodermic needle, the drug is melted in the bottle cap held over a flame, hence the burn marks on the cap. The rubber syringe like part of the eye-dropper is used to draw the melted substance up into the needle and then it is injected into the body, usually in a vein.

*VonHauger* v. *State* (1971), 255 Ind. 666, 266 N. E. 2d 197, is the only other case in this State concerning the sufficiency of the evidence to show intent under this statute. In that case the Court pointed to the evidence showing intent, as follows:

> ". . . nor do we think there is any question here that there was evidence of intent from the history of appellant's own activities, which showed previous convictions with reference to the use of narcotic drugs and the statement which he made to a police officer only a month prior to his arrest that he was a narcotics user. When the appellant saw the police he tried to hide the sack, as well as moved towards his running car, all of which is some evidence of a consciousness of guilt." 266 N. E. 2d at 198.

In this case there was no evidence of flight or any other behavior indicating consciousness of guilt with reference to

this crime. Neither was there any evidence that appellant had had previous convictions "with reference to the use of narcotic drugs". Finally there was no evidence through appellant's own statements or otherwise, that he was a narcotics user. Officer Moistner's statement that he knew appellant was an addict based on his "record" is completely useless as evidence. The officer did not say what kind of "record" he was referring to, whether an official record of convictions or arrests, or simply a police dossier on suspected persons. We do not know what type of behavior by appellant might cause his name to be placed in some unspecified "record", but it is obvious that some such behavior would not be relevant to prove the requisite intent in this offense. If the appellee had official records of probative value it failed to bring them before the trial court.

Therefore, all the evidence showed was that appellant was in possession of adapted instruments. This is not sufficient to satisfy the statutory requirement.

The statute reads:

> "(c) It shall be unlawful for any person to possess or have under his control, with intent to violate any provision of this act, any hypodermic syringe or needle or any ■ instrument adapted for the use of narcotic drugs by injection in a human being."

The statute sets out three elements to be proved and it does not permit conviction merely upon a showing of the possession of adapted instruments. To permit such a conviction would be in effect to amend the statute. We assume the Legislature did not do a useless act in including the element of intent; if they had intended to punish the mere possession of adapted instruments they would not have included that element. The fact that the Legislature included the requirement that intent be proved necessarily implies that they recognized that there could be cases of possession of adapted instruments which would *not* be punishable under the statute. This is one of those cases.

Reversed and remanded with order to trial court to discharge appellant.

Arterburn, C. J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 267 N. E. 2d 383.