# FOR PUBLICATION



FILED
Nov 20 2013, 10:08 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**ALAN L. WHITTED**
Whitted Law, LLC
Columbus, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JAMES B. MARTIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TONY SLUDER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1305-CR-208 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable Kathleen T. Coriden, Judge
Cause No.  03D02-1208-CM-4417

**November 20, 2013**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

## Case Summary

Columbus Police Department Officer Troy Love stopped Tony Sluder after discovering Sluder had an outstanding arrest warrant. Officer Love searched Sluder but did not find anything. When Officer Angela Owens arrived to transport Sluder to the Bartholomew County Jail, she again searched Sluder, finding a syringe in the back pocket of his jeans. Sluder had a bench trial and was convicted of Class A misdemeanor possession of paraphernalia. Sluder appeals his conviction, arguing that the evidence was insufficient to establish that he intended to use the syringe to introduce a controlled substance into his body. Finding that no evidence of intent existed, we reverse.

## Facts and Procedural History

Officer Love was on a bicycle patrolling the area of Fourteenth and Lafayette Streets in Columbus in August 2012. While on patrol, he recognized Sluder riding past him on a scooter. Officer Love called the station to see if Sluder had any outstanding arrest warrants, and the station confirmed that he did. Officer Love then turned around and found Sluder stopped at 1334 Lafayette Street. Officer Love informed Sluder that there was a warrant out for his arrest, arrested him, and searched him. When Officer Love searched Sluder, he did not find anything. Officer Love then called for a police car to transport Sluder to the jail.

Officer Owens arrived in her police car to transport Sluder. Although Officer Love had already searched Sluder, Officer Owens searched Sluder again because she always performs a search before placing someone in her car. Tr. p. 11. This time, Officer Owens

2

found a syringe in the bottom of his rear pocket. She does not recall whether the syringe actually had a needle on it. *Id.* at 13. No drugs were found on Sluder.

At the time of his arrest, Sluder claimed that the syringe was not his. According to his sister, Tammy Sluder, the syringe Officer Owens found was actually a medicine dropper the hospital gave her to feed her premature baby. Last summer, Tammy gave her small dropper to Sluder because he wanted to use the dropper to feed puppies after their mother was hit and killed by a car. Tammy also stated that she had only one dropper of the same size, which was admitted into evidence for demonstrative purposes as Defendant's Exhibit A, and she remembered giving the small dropper to Sluder because a bigger dropper "would be too much to give the dog."[1] *Id.* at 18. According to Sluder, the syringe was in his pocket because he had fed the puppies earlier that day. Tammy's dropper did not have a needle. Instead, it was a hollow tube with a plunger.[2] *Id.* at 26; Def.'s Ex. A.

Sluder claims that he never used the syringe to ingest any kind of controlled substances because, "I don't see how you could." *Id.* at 27. He also claimed that he did not use it for any illegal purpose.

Officer Owens took Sluder to the Bartholomew County Jail and confiscated the syringe. After transporting Sluder to jail, she placed it in a sharps container at the

---

[1] Tammy did not explain how the dropper admitted into evidence for demonstrative purposes could be the same item taken from Sluder if she only had one dropper of that size. On cross-examination she stated that, "I don't know what [the police] took from him. I know I gave him one identical to that." Tr. p. 21.

[2] The dropper admitted into evidence is contained in the record on appeal.

3

Columbus Police Department, which was the standard practice for confiscated syringes.[3] Although Columbus police officers usually take pictures of confiscated syringes before destroying them, no photograph of Sluder's syringe was taken.

The State charged Sluder with Class A misdemeanor possession of paraphernalia.[4] Appellee's App. p. 1. A bench trial was held. Following the trial, the trial court stated that it did not find Sluder's testimony or his sister's testimony credible. Tr. p. 33. For this reason, the trial court found Sluder guilty of Class A misdemeanor possession of paraphernalia. *Id.* Based on a sentencing agreement between the State and Sluder, the trial court sentenced Sluder to one year in the Bartholomew County Jail, all suspended to probation. *Id.* at 35-36.

Sluder now appeals.

### Discussion and Decision

Sluder contends that that the evidence is insufficient to support his conviction for Class A misdemeanor possession of paraphernalia. When reviewing the sufficiency of the evidence, we neither reweigh the evidence nor determine the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We look solely to the evidence most favorable to the judgment together with all reasonable inferences to be drawn therefrom.

---

[3] On redirect examination, Officer Owens stated that there would have been no reason to dispose of the syringe in the sharps container if the syringe did not have a needle, but that needleless syringes would be placed in the sharps container for safety concerns. Tr. p. 14.

[4] We note that Sluder's counsel did not file an Appendix. *See* Ind. Appellate Rule 49(A) ("The appellant shall file its Appendix with its appellant's brief."). We also direct counsel to Indiana Appellate Rule 50(B), which states that the Appellant's Appendix shall contain "(a) the Clerk's Record, including the chronological case summary." Ind. Appellate Rule 50(B). The Clerk's Record "shall consist of the Chronological Case Summary (CCS) and all papers, pleadings, documents, orders, judgments, and other materials filed in the trial court . . . ." Ind. Appellate Rule 2(D). Instead of relying on the charging information, we must rely on the chronological case summary submitted by the State.

4

*Id.* A conviction will be affirmed if the probative evidence and reasonable inferences to be drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt. *Id.*

As charged here, Class A misdemeanor possession of paraphernalia is knowingly or intentionally possessing a raw material, instrument, device, or other object with the intent to introduce a controlled substance into one's body. Ind. Code § 35-48-4-8.3(a)(1), (b); Appellee's App. p. 1. Sluder argues that the State did not prove that the object seized was intended to introduce a controlled substance into his body.[5] Appellant's Br. p. 3.

The intent to introduce a controlled substance into one's body may be inferred from circumstantial evidence. *See Dabner v. State*, 279 N.E.2d 797, 798-99 (Ind. 1972) (puncture marks over the veins of the defendant's forearm, evidencing recent injections, are sufficient to establish intent); *Stevens v. State*, 275 N.E.2d 12, 13 (Ind. 1971) (admission to past drug use coupled with needle marks on defendant's arms sufficient to establish intent); *Von Hauger v. State*, 266 N.E.2d 197, 198 (Ind. 1971) (previous convictions of drug use sufficient to establish intent); *Trigg v. State*, 725 N.E.2d 446, 450 (Ind. Ct. App. 2000) (residue-encrusted crack pipe found where defendant was sitting was sufficient to establish intent to use the pipe to smoke crack); *McConnell v. State*, 540 N.E.2d 100, 103-04 (Ind. Ct. App. 1989) (expert testimony that paraphernalia contained drug residue sufficient to establish intent). However, evidence of flight and attempted

---

[5] Sluder also contends that the evidence is insufficient because the object seized was incapable of introducing a controlled substance into the body. Appellant's Br. p. 3. The evidence most favorable to the judgment suggests that the object seized was a syringe. Moreover, there is no requirement in the statute requiring the seized paraphernalia to be capable of introducing a controlled substance into the body. *See* Ind. Code § 35-48-4-8.3(a).

5

concealment, without more, is not sufficient to prove the intent element of the statute. *Bradley v. State*, 287 N.E.2d 759, 763 (Ind. Ct. App. 1972).

Our Supreme Court has also held that the mere possession of paraphernalia when a statute requires intent is not sufficient to establish that crime without additional evidence of intent. For example, in *Taylor v. State*, the Supreme Court held that no intent existed when the defendant possessed a hypodermic needle, an eye-dropper covered with an unknown sticky substance, a bottle cap that had been burned on the bottom, and an empty Excedrin bottle because "there was no evidence of flight or any other behavior indicating consciousness of guilt." 267 N.E.2d 383, 385 (Ind. 1971). In that opinion, the Supreme Court commented on the intent element of an earlier version of the statute[6] stating that

> To permit such a conviction [without proving intent] would be in effect to amend the statute. We assume the Legislature did not do a useless act in including the element of intent; if they had intended to punish the mere possession of adapted instruments they would not have included that element. The fact that the Legislature included the requirement that intent be proved necessarily implies that they recognized that there could be cases of possession of adapted instruments which would not be punishable under the statute.

*Id.*

In this case, the State presented no evidence that Sluder intended to use the syringe to inject a controlled substance into his body. There was no evidence of track marks on Sluder's arms, past drug use, previous drug convictions, or the presence of drugs that would circumstantially establish his intent to use drugs. While the State is correct that this is not an exclusive list of the type of evidence necessary to establish intent, the State has not

---

[6] The statute discussed in *Taylor*, Indiana Code section 35-24-1-2 (1971), was repealed in 1976. P.L. 148-1976, Sec. 24. An earlier version of the statute under which Sluder was charged was added to the Indiana Code in the same Act. *See* P.L. No. 148-1976, Sec. 8.

pointed to any other evidence in the record that circumstantially establishes Sluder's intent to use the syringe to introduce a controlled substance into his body.

The State argues in its brief that Sluder exhibited behavior indicating a consciousness of guilt because he denied that the syringe was his but testified to a different story at trial and allegedly hid the syringe. Merely denying ownership of an item without more is insufficient to indicate a consciousness of guilt.[7] Second, there is no evidence that Sluder hid the syringe when he was arrested. According to Officer Love, Sluder was given a pat down when he was taken into custody. When Officer Owens arrived to transport Sluder to jail, she again searched Sluder. It was not until the second search that Officer Owens found Sluder's syringe in the back pocket of his jeans. Tr. p. 15. The mere fact that the syringe was not found until the second search is not evidence that Sluder hid the syringe. The evidence was insufficient to establish that Sluder intended to use the syringe to introduce a controlled substance into his body.

Reversed.

BAKER, J., and FRIEDLANDER, J., concur.

---

[7] The State argues that this Court should find that the evidence of Sluder's intent to use the syringe to introduce a controlled substance into the body existed because the trial court found Tammy's testimony not credible and it would be a "disregard of Defendant's repeated denials of what the item that the officers seized was." Appellee's Br. p. 8. However, doing so would impermissibly shift the burden of disproving intent from the State to Sluder.