## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2017, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, P.C.
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika P. Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Mitchell R. Fontaine, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 7, 2017 <br><br> Court of Appeals Case No. <br> 79A05-1612-CR-2851 <br><br> Appeal from the Tippecanoe <br> Superior Court. <br> The Honorable Laura W. Zeman, <br> Judge. <br> Trial Court Cause No. <br> 79D04-1607-F6-625 |

**Shepard, Senior Judge**

[1] Appellant Mitchell R. Fontaine was found guilty of possession of paraphernalia with intent to introduce a controlled substance into his body,[1] among other

---

[1] Ind. Code § 35-48-4-8.3(b)(1) (2015).

charges. Concluding the evidence was sufficient to support Fontaine's conviction of possession of paraphernalia, we affirm it. On the other hand, his sentence is longer than the law permits. We therefore reverse his sentence and remand so that the trial court can fashion a new sentence.

## Facts and Procedural History

[2] Fontaine and fourteen-year-old A.H. were found by sheriff's deputies asleep in a vehicle at the end of a dead-end road. In A.H.'s purse were marijuana and a metal pipe, both of which A.H. admitted belonged to her. Her purse also contained pills and a bag containing drug paraphernalia, all of which Fontaine had asked her to hold for him.

[3] Based upon this incident, Fontaine was charged with maintaining a common nuisance, a Level 6 felony;[2] possession of a controlled substance, a Level 6 felony;[3] possession of paraphernalia, a Class A misdemeanor; and contributing to the delinquency of a minor, a Class A misdemeanor.[4] A jury found Fontaine guilty as charged, and the court sentenced him to an aggregate sentence of six years.

---

[2] Ind. Code § 35-45-1-5(c) (2016).

[3] Ind. Code § 35-48-4-7(a) (2014).

[4] Ind. Code § 35-46-1-8(a) (2014).

# Discussion and Decision

## I. Sufficiency of the Evidence

[4] Fontaine challenges the sufficiency of the evidence about his conviction for possession of paraphernalia. In reviewing such challenges, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the verdict and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the verdict will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[5] To convict Fontaine of possession of paraphernalia, the State must have proved beyond a reasonable doubt that (1) Fontaine knowingly or intentionally (2) possessed an instrument, a device, or another object (3) that he intended to use for introducing a controlled substance into his body. *See* Ind. Code § 35-48-4-8.3(b)(1). Fontaine challenges the evidence about his intent to introduce a controlled substance into his body.

[6] Fontaine cites *Taylor v. State*, 256 Ind. 170, 267 N.E.2d 383 (1971), *Bradley v. State*, 153 Ind. App. 421, 287 N.E.2d 759 (1972), and *Sluder v. State*, 997 N.E.2d 1178 (Ind. Ct. App. 2013). In *Taylor*, a search of the defendant's purse revealed a hypodermic type needle, an eye dropper covered with an unknown sticky substance, a bottle cap that had been burned on the bottom, and an empty

Excedrin bottle. Noting there was no evidence of flight or other behavior indicating consciousness of guilt, previous convictions related to narcotic drug use, or current narcotics use by the defendant, our Supreme Court held the evidence was insufficient to show intent to administer narcotic drugs.

[7] The defendant in *Bradley* argued the State's evidence showed only that he possessed instruments adapted for the injection of narcotics into the body without proof of his intent to do so. Bradley initially fled from police and, in doing so, threw an object to the ground. In the discarded object, police found an eye dropper with a needle attached. A search of Bradley produced a bottle cap with burns on the bottom. This Court reversed, saying that Bradley's flight, possession of the adapted instruments, and attempted concealment were no more than consciousness of guilt or a suspicious circumstance.

[8] Fontaine also relies on *Sluder*, a more recent decision in which we reversed for lack of evidence of intent to use the syringe found in his back pocket to introduce a controlled substance into his body. The panel stated that although intent to introduce a controlled substance may be inferred from circumstantial evidence – – like track marks on the defendant's arms, past drug use, previous drug convictions, or the presence of drugs – – the State had presented no such evidence.

[9] Here, A.H. testified that Fontaine gave her his pills and told her to keep them in her purse. He also gave her a bag that contained lighters, a spoon, hypodermic needles, razor blades, and a belt. One of the officers testified that, based on his

training and experience, a spoon and lighters are used to cook drugs, the belt is used as a tourniquet on the arm to restrict the blood flow and make it easier to see the veins, and needles are used for injecting drugs into the veins. The officer also testified that Fontaine identified the pills as being Klonopin, a brand name for the generic drug clonazepam. In addition, the parties entered an Agreed Stipulation at trial showing that the pills tested positive as clonazepam, a controlled substance. Another officer testified at trial that when A.H. was being questioned about the items in the bag Fontaine had given her, Fontaine commented, "I thought you guys couldn't search juveniles." Tr. p. 92.

[10] In *Perkins v. State*, 57 N.E.3d 861 (Ind. Ct. App. 2016), the defendant was found to have syringe needles and a bottle cap containing heroin residue hidden in a cigarette pack. He fled from officers and, when apprehended, stated, "[I]t's not mine, it's not mine." *Id.* at 863. A panel of this Court determined that the evidence of intent, consisting of possession of narcotics and instruments with which to introduce a controlled substance into his body, was sufficient to sustain Perkins' conviction. The Court also held that his flight and statement to police were evidence of consciousness of guilt.

[11] The assemblage of facts in this case pointing toward intent to inject are, if anything, more comprehensive than those in *Perkins*, and much more compelling than the evidence in *Taylor*, *Bradley*, and *Sluder*. Fontaine had in his possession instruments used to introduce drugs into the body as well as a controlled substance. Whereas Perkins had merely residue, a trace amount of narcotics, Fontaine had the actual controlled substance contained in the pills.

He also had needles, lighters, a spoon, and a belt — everything needed to cook the drugs and introduce them into the body. In addition, the State presented clear evidence of Fontaine's consciousness of guilt in his attempt to conceal both the paraphernalia and the drugs with A.H. because he believed the police could not search juveniles.

## II. Sentence

[12] Fontaine also argues that his aggregate six-year sentence violates Indiana Code section 35-50-1-2 (2016), which provides, in pertinent part:

> (b) As used in this section, "episode of criminal conduct" means offenses or a connected series of offenses that are closely related in time, place, and circumstance.
>
> . . .
>
> (d) Except [in circumstances not relevant here], the total of the consecutive terms of imprisonment to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct may not exceed the following:
>
> > (1) If the most serious crime for which the defendant is sentenced is a Level 6 felony, the total of the consecutive terms of imprisonment may not exceed four (4) years.

[13] Fontaine was sentenced to two years on each of his two Level 6 felony convictions and to one year on each of his two Class A misdemeanor convictions, all of which the court ordered to be served consecutively for an aggregate sentence of six years. As this statute applies to consecutive sentences that involve misdemeanor convictions as well as sentences that include suspended time in the calculation, Fontaine's sentence violates the limits in Indiana Code section 35-50-1-2(d). *See Purdy v. State*, 727 N.E.2d 1091 (Ind. Ct.

App. 2000) (determining that consecutive sentencing limitation applies to misdemeanors), *trans. denied*; *Mask v. State*, 829 N.E.2d 932 (Ind. 2005) (holding that period of suspended sentence must be included when calculating maximum aggregate sentence under section 35-50-1-2).

## Conclusion

[14]   For the reasons stated, we conclude the State presented evidence sufficient to support Fontaine's conviction of possession of paraphernalia.  We further conclude that Fontaine's sentence violates Indiana Code section 35-50-1-2(d)(1).

[15]   Affirmed in part, and reversed and remanded in part with instructions to resentence Fontaine within the statutory limits.

Baker, J., and Altice, J., concur.